1
HOWARD B. GOLDS, Bar No. 112626
howard.golds@bbklaw.com
2
SCOTT W. DITFURTH, Bar No. 238127
scott.ditfurth@bbklaw.com
3
TRENTON C. PACKER, Bar No. 241057
trenton.packer@bbklaw.com
4
BEST BEST & KRIEGER LLP
3390 University Avenue, 5th Floor
5
P.O. Box 1028
Riverside, California 92502
6
Telephone: (951) 686-1450
Facsimile: (951) 686-3083
7

8
Attorneys for Defendant
Corrective Education Company, LLC

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11   SA CV 13 - 01446 AG

12   DEBRA BLACK                          Case No.
                                          Judge:
13         Plaintiff,

14         v.                             DEFENDANT CORRECTIVE
                                          EDUCATION COMPANY, LLC'S
15   GOODWILL INDUSTRIES OF               NOTICE OF REMOVAL PURSUANT
     ORANGE COUNTY,                       TO 28 U.S.C. § 1441(a) (FEDERAL
16   CALIFORNIA, Inc.; CORRECTIVE         QUESTION JURISDICTION)
     EDUCATION COMPANY, LLC;
17   NEAL C. TENEN and DOES 1 TO
     100
18
           Defendants.
19

20

21

22

23

24

25

26

27

28

FILED

2013 SEP 16 PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: ___

# NOTICE REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), Defendant Corrective Education Company, LLC ("CEC") hereby removes to this Court the state court action described below based on federal question jurisdiction.

## THE REMOVED CASE

1.      On August 14, 2013 and action was commenced by Plaintiff Debra Black against Defendants Goodwill Industries of Orange County, California Inc., CEC, and Neal C. Tenen in the Orange County Superior Court, entitled *Debra Black v. Goodwill Industries of Orange County, California; Corrective Education Company, LLC; Neal C.* Tenen, Case No. 30-2013-00669059-CU-BT-CXC. Pursuant to the provisions of 28 U.S.C. § 1446(a), CEC attaches to this notice as Exhibit "A" a copy of the Complaint in the State action.

## THE REMOVAL IS TIMELY

2.      CEC first received a copy of the lawsuit on August 16, 2013.  This notice of removal is filed within 30 days of the date CEC received notice of the lawsuit.

## VENUE IS PROPER IN THIS COURT

3.      Venue of this removed action is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was commenced.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CALIFORNIA 92502

DEFENDANT CORRECTIVE EDUCATION COMPANY, LLC'S NOTICE OF REMOVAL

## THIS COURT HAS JURISDICTION

4.      This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. 1331 in that the First Cause of Action of the Complaint is brought under 15 U.S.C. § 1692, a federal statute.

a.      This Court has supplemental jurisdiction over Causes of Action 2-4 under 28 U.S.C. § 1367(a) because those state law causes of action are so related to claims in the action that are within the court's original jurisdiction that they form part of the same case or controversy.

b.      Specifically, Plaintiff alleges that the same conduct violates 15 U.S.C. § 1692, the Fair Debt Collections Practices Act, California Civil Code  1788, the Rosenthal Fair Debt Collection Practices Act, constitutes Intentional Infliction of Emotional Distress, and violates California Business & Professions Code § 17200.

c.      The undersigned is authorized to state that Defendants Goodwill Industries of Orange County, California, Inc. and Neal C. Tenen consent to removal of this lawsuit.

## FILING OF REMOVAL PAPERS

5.      Pursuant to 28 U.S.C. § 1446(d), CEC will serve written notice of the removal of this action on Plaintiff's counsel, and a Notice of Filing of Notice of Removal will be filed with the Superior Court of the State of California in and for the County of Orange.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CALIFORNIA 92502

1    WHEREFORE, CEC hereby removes the above-captioned action from the

2  Superior Court of the State of California in and for the County of Orange and

3  requests that further proceedings be conducted in this Court as provided by law.

4

5

6  Dated:  September  ___, 2013        BEST BEST & KRIEGER LLP

7

8                                      By: _____

9                                         HOWARD B. GOLDS
                                          SCOTT W. DITFURTH
                                          TRENTON C. PACKER
10                                        Attorneys for Defendant
                                          Corrective Education Company, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CORRECTIVE EDUCATION COMPANY, LLC's NOTICE OF REMOVAL

EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/14/2013** at 11:15:33 AM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

1
2
3
4
5

POTTER HANDY, LLP
Mark Potter, Esq. SBN 166317
Russell Handy, Esq. SBN 195058
Christina Sosa, Esq. SBN 280048
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
Fax: (888) 422-5191
mark@potterhandy.com

6
7

Attorneys for Plaintiff

8
9

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE

10
11
12
13
14
15
16
17
18
19
20

DEBRA BLACK
     Plaintiff,

v.

GOODWILL INDUSTRIES OF
ORANGE COUNTY, CALIFORNIA,
Inc.; CORRECTIVE EDUCATION
COMPANY, LLC; NEAL C. TENEN
and DOES 1 TO 100

     Defendants.

30-2013-00669059-CU-BT-CXC

Case No.     Judge Gail A. Andler

**CLASS ACTION**

Complaint for Damages and
Injunctive Relief Pursuant to:

1) The Fair Debt Collections
   Practices Act, 15 U.S.C.A.
   §1692
2) The Rosenthal Fair Debt
   Collection Practices Act, Civ.
   Code § 1788 et seq.
3) Intentional Infliction of
   Emotional Distress
4) Business & Professions Code
   § 17200 et seq. (UCL)

Demand For Jury

21
22

Plaintiff Debra Black, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), hereby complains and alleges as follows:

23
24

## I. INTRODUCTION

25
26
27
28

1.     This is a class action brought on behalf of persons in the United States that have received demands for payment from Defendants GOODWILL INDUSTRIES OF ORANGE COUNTY, CALIFORNIA, CORRECTIVE EDUCATION COMPANY, LLC, and NEAL C. TENEN (hereinafter referred to as

1

EXHIBIT

"Defendants") after an accusation of shoplifting. This action is brought by an individual consumer on behalf of herself and everyone else similarly situated for Defendants CORRECTIVE EDUCATION COMPANY, LLC, and NEAL C. TENEN's violations of the Fair Debt Collections Practices Act, 15 U.S.C.A. §1692 ("FDCPA"), which prohibits: (1) the use of any deceptive, or misleading representations or means in connection with the collection of any debt, including the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector or creditor intends to take such action, and (2) the failure to include all required information in the initial communication with the consumer.

2.     Defendants have engaged in a months-long pattern of extortion and deliberate harassment. Ms. Black was accused of shoplifting an item worth approximately $2.00. On the date of the incident, instead of notifying law enforcement, Defendants intimidated Ms. Black and demanded she pay $500.00. The demand was later reduced to $400.00. Throughout the course of the next several months, Defendants sent Ms. Black several collection letters and made numerous phone calls claiming she had agreed to pay installments and that the debt was now past due. Defendants threatened to "notify law enforcement" and suggested that paying the demand would prevent "the filing of a criminal complaint." At no time did Defendants inform Ms. Black that she had 30 days to dispute the debt, that Defendant had the obligation to verify the debt if informed of a dispute, or that Ms. Black had the right to request the name and address of the original creditor. Several of the communications failed to include the total amount of the debt. Plaintiff seeks monetary and injunctive relief based on Defendants' violations of the FDCPA.

3.     This action is also brought by an individual consumer on behalf of herself and everyone else similarly situated for all Defendants' violations of the Rosenthal Fair Debt Collection Practices Act. Civ. Code § 1788 et seq.

1  ("RFDCPA"), which in addition to the above, prohibits threatening that
2  nonpayment of the consumer debt may result in the arrest of the debtor.

3      4.    As above, Defendants have engaged in a months-long pattern of
4  extortion and deliberate harassment. Defendants have continuously tried to
5  extort an amount approximately 250 times greater than the value of the items
6  Plaintiff is alleged to have attempted to shoplift by threatening a criminal
7  proceeding they have neither the intention nor the evidence to proceed with.
8  Plaintiff seeks monetary and injunctive relief based on Defendants' violations of
9  the RFDCPA.

10      5.    This action is also brought by an individual consumer on behalf of
11  herself and everyone else similarly situated for all Defendants' Intentional
12  Infliction of Emotional Distress. The elements of the tort of intentional infliction of
13  emotional distress are: (1) extreme and outrageous conduct by the defendant
14  with the intention of causing, or reckless disregard of the probability of causing,
15  emotional distress; (2) the plaintiff's suffering severe or extreme emotional
16  distress; and (3) actual and proximate causation of the emotional distress by the
17  defendant's outrageous conduct. (*Potter v. Firestone Tire & Rubber Co.*, (1993) 6
18  Cal. 4th 965, 1001; *Ross v. Creel Printing & Pub. Co. Inc.* (2002) 100 Cal.App4th
19  736, 744-745.)

20      6.    Defendants have repeatedly bullied, harassed and threatened Ms.
21  Black with criminal prosecution and civil litigation they have no intention of
22  pursuing with the specific goal of creating fear and anxiety to force her to pay an
23  unsubstantiated claim for damages 250 times the value of the merchandise she's
24  accused of taking, and which in fact was returned undamaged the day of the
25  incident. Defendants' delay in notifying law enforcement likely resulted in the loss
26  of valuable evidence, and robbed Ms. Black of the opportunity to dispute the
27  charges against her, a right at the very foundation of this nation. As a result of
28  Defendants' conduct, Ms. Black has suffered from extreme emotional distress,

3

including but not limited to humiliation, shame, nervousness, loss of appetite and trouble sleeping. Plaintiff seeks monetary and injunctive relief based on Defendants' intentional infliction of emotional distress.

7.     This action is also brought by an individual consumer on behalf of herself and everyone else similarly situated for all Defendants' violations of the Unfair Competition Law ("UCL") defines unfair competition as meaning and including any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising...." (Bus. & Prof. Code § 17200). Unlawful business acts are those which are in violation of federal, state, county, or municipal statutes or codes, as well as federal and state regulations. An unfair business practice is one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  (*McDonald v. Coldwell Banker*, C.A.9 (Cal.) 2008, 543 F.3d 498.)

## II. PARTIES

8.     Plaintiff Debra Black is a natural person who resided in Orange, California at the time of the initial incident at the Goodwill store, when all collection efforts were made, and who currently resides in the county of Orange.

9.     Plaintiff alleges on information and belief that Defendant GOODWILL INDUSTRIES OF ORANGE COUNTY, CALIFORNIA is a California corporation that regularly conducts business in Orange County, and which has its corporate headquarters located at 410 N. Fairview St., Santa Ana, California. GOODWILL INDUSTRIES OF ORANGE COUNTY, CALIFORNIA is a registered California non-profit corporation, primarily in the business of re-selling donated household items. CORRECTIVE EDUCATION COMPANY (hereinafter "CEC") is a Utah limited liability corporation that is not licensed to do business in California, but regularly reaches into California as part of its primary business of debt collection. CEC contracts with retailers and security firms to provide a shoplifting

4

Class Action Complaint

1   incident intake, management and damage collection, labeled "education
2   programs." NEAL C. TENEN is an attorney licensed to practice law in the State
3   of California. His bar number is 80743, and his office is located at 15315
4   Magnolia Boulevard, Suite 402, Sherman Oaks, California.
5
6   ### III. FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C.A. §1692
7           10.     Congress enacted the Fair Debt Collections Practices Act,
8   "FDCPA," in response to abundant evidence of debt collector abuse, deception,
9   and unfair practices when attempting to collect debts.
10          11.     The FDCPA seeks to eliminate abusive debt collection practices by
11  debt collectors, to insure that those debt collectors who refrain from using
12  abusive debt collection practices are not competitively disadvantaged, and to
13  promote consistent State action to protect consumers against debt collection
14  abuses.
15          12.     The FDCPA is a strict liability statute, subsection (a), and applies to
16  the conduct of debt collectors, as defined at 15 U.S.C.A. §1692a(6).
17          13.     Under the FDCPA, 15 U.S.C.A. §1692g, within five days the initial
18  communication with the consumer, the debt collector must send the consumer
19  written notice that includes the amount of the debt, the name of the creditor, and
20  a statement that the consumer has thirty days to dispute the debt in writing,
21  which will obligate the debt collector to verify the debt and provide the consumer
22  with the name and address of the original creditor, if so requested.
23
24  ### IV. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIV.
25  ### CODE § 1788 ET SEQ.
26          14.     The Rosenthal Fair Debt Collection Practices Act, "RFDCPA," was
27  enacted in 1977 to prohibit debt collectors from engaging in unfair or deceptive
28  acts or practices in collecting consumer debts.

1    15.    Under the RFDCPA, a debt collector is any person who, in the

2    ordinary course of business, regularly, on behalf of itself or others, engages in

3    debt collection.

4    16.    The RFDCPA, under California Civil Code §1788.10(e), bars any

5    threat to any person that nonpayment of the consumer debt may result in the

6    arrest of the debtor or the seizure, garnishment, attachment or sale of any

7    property or the garnishment or attachment of wages of the debtor, unless such

8    action is in fact contemplated by the debt collector and permitted by the law.

9

10                              **V. FACTS**

11    17.    Plaintiff Debra Black is a natural person and a consumer within the

12    meaning of 15 U.S.C.A. § 1692a(3).

13    18.    Ms. Black is a 62-year-old quadriplegic woman who relies on a

14    wheelchair for mobility.

15    19.    On or about March 30, 2013, Ms. Black entered a Goodwill store

16    located 849 S. Tustin Street, Orange, CA 92866, hereinafter "the Goodwill store"

17    or "the store."

18    20.    Ms. Black entered the store with the intent to shop. While browsing

19    through the store, Ms. Black selected a child's purse. The cost of this item was

20    approximately $2.00.

21    21.    Ms. Black set her item on the arm of her wheelchair so that she

22    could use her hands to guide her chair and continue browsing.

23    22.    Ms. Black exited the store with the purse was still hanging from her

24    wheelchair arm.

25    23.    As Ms. Black exited the store she was approached by an

26    undercover security officer, who accused her of stealing the purse

27    24.    Ms. Black was escorted back in the store. where the security guard

28    interrogated and intimated her. She was forced to watch a video that indicated

6

that law enforcement would be called and she would go to jail unless she agreed to pay $500.00 Ms. Black felt intimidated and forced by the guard and the content of the video to agree to pay $500.00.

25.     Ms. Black agreed to pay the $500.00 while still at the Goodwill store.

26.     Plaintiff alleges on information and belief that law enforcement was never notified of the incident.

27.     Defendants CEC and NEAL TENEN are debt collectors within the meaning of 15 U.S.C.A. § 1692a(6).

28.     Defendant CEC sent Ms. Black at least two letters in an attempt to collect this debt.

29.     Neither letter sent by CEC advised Ms. Black of the total amount owed, her right to dispute the debt, or their obligation to verify the debt.

30.     In a letter sent May 20, 2013, CEC implied, suggested, and/or stated that Ms. Black could avoid criminal prosecution only by paying their demand.

31.     Defendant NEAL C. TENEN sent Ms. Black at least two letters in an attempt to collect this debt.

32.     Neither letter sent by NEAL C. TENEN advised Ms. Black of the total amount owed, her right to dispute the debt, or their obligation to verify the debt.

33.     As a result of Defendants' conduct, Ms. Black has suffered from extreme emotional distress, including but not limited to humiliation, shame, nervousness, loss of appetite and trouble sleeping.

## VI. CLASS ALLEGATIONS

34.     Plaintiff re-alleges and incorporates by reference every allegation contained in all paragraphs above, as if set forth at this point.

7

35.    These actions may be properly maintained as a class action pursuant to 15 U.S.C.A. § 1692k(a)(2)(B) and *McDonald v. Bonded Collectors, LLC.*, 233 F.R.D. 576 (S.D. Cal. 2005).

36.    Plaintiff brings this Complaint on behalf of all persons in the United States who have received letters from Defendants that (1) do not inform the recipient of the total debt owed, the right to dispute the debt, or Defendants' obligations in the case of a disputed debt; and/or (2) suggest, imply or state that the recipient can avoid criminal prosecution by paying the debt over the past twelve months in violation of the FDCPA. Plaintiff is informed and believes that the class consists of thousands of persons.  Specifically excluded from the class are any entities in which any Defendant has a controlling interest; any of Defendants' parent companies, subsidiaries, or affiliates; and any of Defendant's officers and directors, members of their immediate families, their heirs, and their successors and assigns.

37.    Plaintiff brings this Complaint on behalf of all persons in California who have received letters from Defendants over the past twelve months that (1) do not inform the recipient of the total debt owed, the right to dispute the debt, or Defendants' obligations in the case of a disputed debt; and/or (2) suggest, imply or state that the recipient can avoid criminal prosecution by paying the debt in violation of the RFDCPA. Plaintiff is informed and believes that the class consists of thousands of persons.  Specifically excluded from the class are any entities in which any Defendant has a controlling interest; any of Defendants' parent companies, subsidiaries, or affiliates; and any of Defendant's officers and directors, members of their immediate families, their heirs, and their successors and assigns.

38.    Plaintiff brings this Complaint on behalf of all persons in the United States who have suffered emotional distress as a result of Defendants' illegal, outrageous conduct intentional undertaken to produce unfounded fear in debtors

8

in the past two years. Plaintiff is informed and believes that the class consists of thousands of persons.  Specifically excluded from the class are any entities in which any Defendant has a controlling interest; any of Defendants' parent companies, subsidiaries, or affiliates; and any of Defendant's officers and directors, members of their immediate families, their heirs, and their successors and assigns.

39.    The members of the class are so numerous that separate joinder of each member is impractical. Appropriate discovery can determine the exact number of class members.  The disposition of class members' claims in a class action format will provide substantial benefits to the parties and the Court.

40.    The claims of the representative Plaintiff raises questions of law and fact that are common to questions of law and fact raised by the claims of each member of the class.

41.    The claims of the representative Plaintiff are typical of the claims of each member of the class. Plaintiff has the same interest in this matter as all other members of the class.

42.    The prosecution of separate claims by each individual member of the class would create a risk of inconsistent or varying adjudications.

43.    The questions of law or fact common to the claims of the representative Plaintiff and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the class. Class representation is superior to other available methods for fair and efficient adjudication of this controversy.

44.    Questions of law and/or fact that are common to the claim include but are not limited to:

(A)    Whether, within the twelve months prior to the filing of this Complaint, Defendants sent to any Class Member letters that did not inform the recipient of the total debt owed, the right to dispute the debt, or

9

Defendants' obligations in the case of a disputed debt; and/or suggested, implied or stated that the recipient could avoid criminal prosecution by paying the debt;

(B) Whether, within the two years prior to the filing this Complaint, and Class Members have suffered emotional distress as a result of Defendants' illegal, outrageous conduct intentional undertaken to produce unfounded fear in debtors;

(C) Whether Plaintiff and the Class members are damaged thereby and the extent of the damages for such violation;

(D) Whether Defendant should be enjoined from engaging such conduct in the future.

45.    As a person who received at least one letter in violation of the FDCPA and the RFDCPA, and suffered emotional distress as a result of the intimidation and shame inflicted by Defendants, Plaintiff is asserting a claim that is typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

46.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against

10

Defendant is small because the maximum damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48.   Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## VII. CAUSES OF ACTION

### FIRST COUNT

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C.A. §1692

(Against Defendants CORRECTIVE EDUCATION COMPANY, LLC and NEAL C. TENEN and DOES 1-100)

49.   Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

50.   Defendant's violations of the FDCPA include, but are not limited to, the following:

    a.   Defendant violated 15 U.S.C.A. §1692e(4) by representing or implying that nonpayment of any debt would result in the arrest or imprisonment of Plaintiff;

    b.   Defendant violated 15 U.S.C.A. §1692g by failing in the initial communication with Plaintiff to inform her of the amount of the debt, her right to dispute the debt in writing, and Defendants' obligation to verify a disputed debt.

51.   As a result of Defendant's violations of the FDCPA, plaintiff and class members are entitled to an award of actual damages, statutory damages, costs, injunctive relief, and attorney's fees.

Class Action Complaint

1  ///

2  ///

3  ///

4  ### SECOND COUNT

5  ### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTIONS

6  ### PRACTICES ACT, CIV. CODE § 1788 ET SEQ.

7  (Against all Defendants and DOES 2-100)

8      52.   Plaintiff re-alleges and incorporates by reference the above

9  paragraphs as though set forth fully herein.

10      53.   Defendants' violations of the RFDCPA include, but are not limited

11  to, the following:

12           a.  Defendant violated Civil Code § 1788.10(e) by threatening

13              that nonpayment of the consumer debt may result in the

14              arrest of the debtor, unless such action is in fact

15              contemplated by the debt collector;

16           b.  Defendant violated Civil Code § 1788.17 by failing to comply

17              with federal debt collection provisions.

18      54.   As a result of Defendant's violations of the RFDCPA, plaintiff and

19  class members are entitled to an award of actual damages, statutory damages,

20  costs, injunctive relief, and attorney's fees.

21  ### THIRD COUNT

22  ### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23  (Against all Defendants and DOES 2-100)

24      55.   Plaintiff re-alleges and incorporates by reference the above

25  paragraphs as though set forth fully herein.

26      56.   Defendants' conduct of intimidating a vulnerable, elderly, disabled

27  Plaintiff with threats that failure to pay a debt would result in criminal prosecution

28  was intentional, malicious, and were taken for the purpose of causing plaintiff to

1   suffer severe emotional distress, and with reckless disregard for the likelihood

2   that such distress would result. The fact that this conduct is repeated thousands

3   of times over across the country exacerbates the outrageous nature of the

4   offense.

5        57.   For all of the above reasons, Plaintiff is entitled to general, special,

6   and punitive damages against all Defendants.

7                            **FOURTH COUNT**

8            **VIOLATION OF THE UNFAIR COMPETITION LAW**

9        **(Business and Professions Code § 17200, et seq.)**

10              (Against all Defendants and DOES 2-100)

11       58.   Plaintiff re-alleges and incorporates by reference the above

12   paragraphs as though set forth fully herein.

13       59.   The Unfair Competition Law ("UCL") defines unfair competition as

14   meaning and including any "unlawful, unfair or fraudulent business act or practice

15   and unfair, deceptive, untrue or misleading advertising...." (Bus. & Prof. Code §

16   17200). Unlawful business acts are those which are in violation of federal, state,

17   county, or municipal statutes or codes, as well as federal and state regulations.

18   An unfair business practice is one that either offends an established public policy

19   or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to

20   consumers.  (*McDonald v. Coldwell Banker*, C.A.9 (Cal.) 2008, 543 F.3d 498.)

21       60.   Defendants violated state and federal debt collection regulations.

22   Additionally, intimidating a vulnerable, elderly, disabled Plaintiff with threats that

23   failure to pay a debt would result in criminal prosecution is malicious, unfair,

24   immoral, unethical, oppressive, and unscrupulous. The fact that this conduct is

25   repeated thousands of times over across the country exacerbates the substantial

26   injury suffered by consumers as a result of the offense.

27       61.   Plaintiff seeks recovery of all attorneys' fees and litigation expenses

28   pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil

                                    13

Code § 1780(d). Alternatively, Plaintiff seeks recovery of all attorneys' fees and all litigation expenses pursuant to the substantial benefit doctrine; Plaintiff also seeks recovery of all attorneys' fees and other litigation expenses to be paid under the common fund doctrine or other authority requiring Defendants to pay Plaintiffs' attorneys' fees and litigation expenses.

## VIII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1. Actual and statutory damages and reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1692k.

2. Actual damages according to proof, statutory damages under Civil Code §17788.30(b), and reasonable attorney's fees under Civil Code §17788.30(c).

3. Non-economic damages, including emotional distress, and punitive damages according to proof.

4. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

5. Any other relief the Court may deem just and proper.

Dated: July 26, 2013                                          POTTER HANDY, LLP

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

///
///
///
///
///
///

14

Class Action Complaint

1 | ///
///
2 | ///
3 | DEMAND FOR JURY TRIAL
4 |
5 | Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
6 |
7 | Dated:  July 26, 2013                                    POTTER HANDY, LLP
8 |                                                         By:_____
                                                            Mark Potter, Esq.
9 |                                                         Attorneys for Plaintiff
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Class Action Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Andrew J. Guilford _____ and the assigned Magistrate Judge is _____ Arthur Nakazato _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-01446 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ September 16, 2013 _____
Date

By _L. Murray_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

## Subsequent documents must be filed at the following location:

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| DEBRA BLACK | GOODWILL INDUSTRIES OF ORANGE COUNT, CALIFORNIA, Inc.; CORRECTIVE EDUCATION COMPANY, LLC; NEAL C. TENEN and DOES 1 TO 100 |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Potter Handy, LLP<br>9845 Erma Road, Suite 300<br>San Diego, CA 92131<br>Tel: 858-375-7385<br>Fax: 888-422-5191 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Best Best & Krieger LLP<br>3390 University Avenue, 5th Floor<br>Riverside, CA 92501<br>Tel: 951-686-1450<br>Fax: 951-686-3083 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collections Practices Act, 15 U.S.C.A. Section1692. Plaintiff claims defendants violated Act by representing non-payment would result in arrest, and failing to inform about amount of the debt.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:     Case Number     **SA CV 13 - 01446 AG**

SEP 16 2013

CV-71 (09/13)     CIVIL COVER SHEET     Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIM. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes  ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.I. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above ➡ | Southern |

American LegalNet, Inc.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

    If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                                         ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                                         ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                                         ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: September 16, 2013

                    HOWARD B. GOLDS

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.