ORIGINAL                                    FILED

POTTER HANDY, LLP                          2014 FEB 14   AM 10: 47
Mark Potter, Esq. SBN 166317
Christina Sosa, Esq. SBN 280048            CLERK U.S. DISTRICT COURT
9845 Erma Road, Suite 300                  CENTRAL DIST OF CALIF.
San Diego, CA 92131                              SANTA ANA
(858) 375-7385
Fax: (888) 422-5191                        BY _____ MB
mark@potterhandy.com

Attorneys for Plaintiff

BY FAX


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DEBRA BLACK<br>        Plaintiff,<br><br>v.<br><br>CORRECTIVE EDUCATION<br>COMPANY, LLC; MONUMENT<br>SECURITY  and DOES 1 TO 100<br><br>        Defendants. | Case No. 8:13-CV-01446-AG-AN<br><br>CLASS ACTION<br><br>SECOND AMENDED Complaint for<br>Damages and Injunctive Relief<br>Pursuant to:<br><br>1)  The Rosenthal Fair Debt<br>     Collection Practices Act, Civ.<br>     Code § 1788 et seq.<br>2)  Intentional Infliction of<br>     Emotional Distress<br><br>Demand For Jury |

Plaintiff Debra Black, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), hereby complains and alleges as follows:

## I. INTRODUCTION

1.     This is a class action brought on behalf of persons in California that have received demands for payment from Defendants CORRECTIVE EDUCATION COMPANY, LLC and MONUMENT SECURITY (hereinafter referred to as "Defendants") after an accusation of shoplifting.

///

1

2.      This action is brought by an individual consumer on behalf of herself and everyone else similarly situated for all Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 et seq. ("RFDCPA"), which prohibits (1) any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; (2) the use of any deceptive, or misleading representations or means in connection with the collection of any debt, including the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector or creditor intends to take such action; (3) the failure to include all required information in the initial communication with the consumer; and (4) threatening that nonpayment of the consumer debt may result in the arrest of the debtor.

3.      Defendants have engaged in a months-long pattern of extortion and deliberate harassment. Ms. Black was accused of shoplifting items worth approximately $6.00. On the date of the incident, instead of notifying law enforcement, Defendants intimidated Ms. Black and demanded she pay $500.00 for an "education program." The demand was later reduced to $400.00. Throughout the course of the next several months, Defendants sent Ms. Black several collection letters and made numerous phone calls claiming she had agreed to pay installments and that the debt was now past due. Defendants threatened to "notify law enforcement" and suggested that paying the demand would prevent "the filing of a criminal complaint." At no time did Defendants inform Ms. Black that she had 30 days to dispute the debt, that Defendant had the obligation to verify the debt if informed of a dispute, or that Ms. Black had the right to request the name and address of the original creditor. All of the communications failed to include the total amount of the debt. Plaintiff seeks monetary and injunctive relief based on Defendants' violations of the RFDCPA.

SECOND AMENDED Class Action Complaint                    8:13-CV-01446-AG-AN

4.     This action is also brought by an individual consumer on behalf of herself only for all Defendants' Intentional Infliction of Emotional Distress. The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. (*Potter v. Firestone Tire & Rubber Co.*, (1993) 6 Cal. 4th 965, 1001; *Ross v. Creel Printing & Pub. Co. Inc.* (2002) 100 Cal.App4th 736, 744-745.)

5.     Defendants have repeatedly bullied, harassed and threatened Ms. Black with criminal prosecution and civil litigation they have no intention of pursuing with the specific goal of creating fear and anxiety to force her to pay an unsubstantiated claim for damages nearly 100 times the value of the merchandise she's accused of taking, and which in fact was returned undamaged the day of the incident. Defendants' delay in notifying law enforcement likely resulted in the loss of valuable evidence, and robbed Ms. Black of the opportunity to dispute the charges against her, a right at the very foundation of this nation. As a result of Defendants' conduct, Ms. Black has suffered from extreme emotional distress, including but not limited to humiliation, shame, nervousness, loss of appetite and trouble sleeping. Plaintiff seeks monetary and injunctive relief based on Defendants' intentional infliction of emotional distress.

## II. PARTIES

6.     Plaintiff Debra Black is a natural person who resided in Orange, California at the time of the initial incident at the Goodwill store, when all collection efforts were made, and who currently resides in the county of Orange.

7.     Plaintiff alleges on information and belief that Defendant CORRECTIVE EDUCATION COMPANY (hereinafter "CEC") is a Utah limited

3

liability corporation that is not licensed to do business in California, but regularly reaches into California as part of its primary business of debt collection. CEC contracts with retailers and security firms to provide a shoplifting incident intake, management and damage collection, labeled "education programs."

8.   Plaintiff alleges on information and belief that Defendant MONUMENT SECURITY is a California corporation with its headquarters at 5844 Price Avenue, Sacramento, California 95652. Monument Security provides companies and corporations with security and risk management services.

## III. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIV. CODE § 1788 ET SEQ.

9.   The Rosenthal Fair Debt Collection Practices Act, "RFDCPA," was enacted in 1977 to prohibit debt collectors from engaging in unfair or deceptive acts or practices in collecting consumer debts.

10.   Under the RFDCPA, a debt collector is any person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

11.   The RFDCPA regulates consumer credit transactions, which under Cal. Civ. Code §1788.2 include a transaction in which services are acquired on credit for personal purposes.

12.   The RFDCPA, under California Civil Code §1788.10(e), bars any threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law.

13.   The RFDCPA, under California Civil Code §1788.11(d and e), bars a debt collector from causing a telephone to ring repeatedly or continuously to annoy the person called, and communicating, by telephone or in person, with the debtor

4

1   with such frequency as to be unreasonable and to constitute an harassment to the

2   debtor under the circumstances.

3       14.   Additionally, the RFDCPA, under Civil Code §1788.17, makes any

4   violation of the federal Fair Debt Collection Practices Act a violation of the state

5   statute, including:

6       a.   any conduct the natural consequence of which is to harass,

7           oppress, or abuse any person in connection with the collection of a

8           debt; (15 U.S.C. §1692d)

9       b.   the use of any deceptive, or misleading representations or means

10           in connection with the collection of any debt, including the

11           representation or implication that nonpayment of any debt will

12           result in the arrest or imprisonment of any person unless such

13           action is lawful and the debt collector or creditor intends to take

14           such action; (15 U.S.C. §1692e(4))

15       c.   the failure to include all required information in the initial

16           communication with the consumer. (15 U.S.C. §1692e(11))

17

18                 IV. FACTS

19       15.   Plaintiff Debra Black is a natural person and a debtor within the

20   meaning of Civil Code §1788.2(h).

21       16.   Ms. Black is a 62-year-old quadriplegic woman who relies on a

22   wheelchair for mobility.

23       17.   On or about March 30, 2013, Ms. Black entered a Goodwill store

24   located 849 S. Tustin Street, Orange, CA 92866, hereinafter "the Goodwill store" or

25   "the store."

26       18.   Ms. Black entered the store with the intent to shop. While browsing

27   through the store, Ms. Black selected a child's purse. The cost of this item was

28   approximately $2.00.

19. Ms. Black set her item on the arm of her wheelchair so that she could use her hands to guide her chair and continue browsing.

20. Ms. Black exited the store with the purse was still hanging from her wheelchair arm.

21. As Ms. Black exited the store she was approached by an undercover security officer, who accused her of stealing the purse.

22. On information and belief, Ms. Black believes that security guard who approached her on March 30, 2013 was an employee of Defendant Monument Security named Oscar Palacios.

23. Mr. Palacios is a man of approximately 25 years old with an intimidating physical presence.

24. Ms. Black was escorted back in the store, where the Mr. Palacios interrogated and intimated her by telling her that is she did not agree to participate in Defendants' "education program," she would go to jail.

25. In his interaction with Ms. Black, Mr. Palacios was acting as an agent for both Defendant Monument Security and Defendant CEC.

26. "CEC provides comprehensive staff training and oversees the set-up of the Incident Management & Reporting System and equipment" at each retail store with which it contracts. (www.correctiveeducationcompany.com)

27. On information and belief, Ms. Black believes that CEC, in conjunction with Monument Security, trained Mr. Palacios.

28. On information and belief, Ms. Black believes CEC provides all the equipment and technical support for the equipment used by Mr. Palacios.

29. On information and belief, Ms. Black believes CEC provides support in the employment review of loss prevention officers, including Mr. Palacios.

30. The natural consequence of Mr. Palacios' intimidation was to harass, oppress, or abuse Ms. Black.

1  31.   Ms. Black was forced to watch a video on a laptop, provided by CEC

2  and operated by Mr. Palacios, which indicated that law enforcement would be

3  called and she would go to jail unless she agreed to pay $500.00. Ms. Black felt

4  intimidated and forced by Mr. Palacios and the content of the video to agree to pay

5  $500.00.

6  32.   On information and belief, Ms. Black believes that this video was the

7  first of a series of educational activities she would receive in exchange for the

8  $500.00 cost of the program.

9  33.   On information and belief, Ms. Black believes that Mr. Palacios

10  intended to secure her agreement to pay $500.00 on behalf of or for the benefit of

11  Defendant CEC.

12  34.   Ms. Black agreed to pay the $500.00 while still at the Goodwill store.

13  35.   The video Ms. Black watched while in the store was produced and

14  provided by Defendant Corrective Education as part of the "CEC Correct"

15  education program, "an online, self-directed course designed to teach offenders life

16  skills that help them recognize and take responsibility for their mistakes while

17  establishing    a    path    for    a    much    brighter    future."

18  (www.correctiveeducationcompany.com)

19  36.   The education program further consists of videos and/or worksheets

20  that can be completed online or at several local area libraries within 90 days of

21  entering the agreement.

22  37.   On information and belief, Ms. Black believes that the $400 to $500

23  she agreed to pay was, in whole or in part, to pay the cost of the CEC Correct

24  education program.

25  38.   This agreement constitutes a consumer credit transaction within the

26  meaning of Cal. Civ Code § 1788.2(e).

27  39.   Ms. Black alleges on information and belief that law enforcement was

28  never notified of the incident.

7

SECOND AMENDED Class Action Complaint                                  8:13-CV-01446-AG-AN

40.    Ms. Black alleges on information and belief that Defendants never intended to contact law enforcement, and that in fact "CEC Correct" is an education program specifically used by Defendant Monument for shoplifters who do not meet prosecution requirements.

41.    Defendants are creditors within the meaning of Cal. Civ Code § 1788.2(i), and engaged in debt collection within the meaning of Cal. Civ Code § 1788.2(b).

42.    The debt collection activities include but are not limited to letters and phone calls directed toward "clients" like Ms. Black.

43.    On May 6, 2013, Defendant CEC sent Ms. Black a letter that was an attempt to collect a debt.

44.    Attached as Exhibit 1 is a true and correct copy of the letter Defendant CEC sent to Ms. Black on May 6, 2013.

45.    On May 13, 2013, Defendant CEC sent Ms. Black a letter that was an attempt to collect a debt.

46.    Attached as Exhibit 2 is a true and correct copy of the letter Defendant CEC sent to Ms. Black on May 13, 2013.

47.    On May 20, 2013, Defendant CEC sent Ms. Black a letter that was an attempt to collect a debt.

48.    Attached as Exhibit 3 is a true and correct copy of the letter Defendant CEC sent to Ms. Black on May 20, 2013.

49.    None of the letters sent by Defendant CEC advised Ms. Black of the total amount owed, her right to dispute the debt, or their obligation to verify the debt.

50.    In a letter sent May 20, 2013, CEC implied, suggested, and/or stated that Ms. Black could avoid criminal prosecution only by paying their demand. This was false.

///

8

51. Defendant CEC called Ms. Black at telephone number (714) 532-4364 in an attempt to collect a debt on at least one occasion.

52. As a result of Defendants' conduct, Ms. Black has suffered from extreme emotional distress, including but not limited to humiliation, shame, nervousness, loss of appetite and trouble sleeping.

53. On information and belief, Ms. Black believes that on or about March 30, 2013, Defendant Monument Security has been retained or otherwise contracted to provide general security services for the Goodwill store.

54. On or about March 30, 2013, Defendant CEC had no existing contractual relationship with the Goodwill Store at 849 S. Tustin Street, Orange, CA 92866.

55. On or about March 30, 2013, Defendant CEC and Defendant Monument Security were parties to a binding service agreement providing a reporting system and diversion program for shoplifters whom ordinarily would not be referred for criminal prosecution.

56. On information and belief, Ms. Black believes no express or implied terms of the service agreement between CEC and Monument Security referred to in the preceding paragraph empowered CEC to collect civil damages or restitution on behalf of the Goodwill store.

57. On information and belief, Ms. Black believes that on or about March 30, 2013, Neal C. Tenen, a Law Corporation, was authorized under contract to collect civil damages permitted by Cal. Pen. Code § 490.5 on behalf of the Goodwill Store.

58. Neal C. Tenen sent Ms. Black at least two letters in an attempt to collect these damages.

59. On information and belief, Ms. Black believes there has never been a contractual relationship between Neal C. Tenen and either Defendant.

///

SECOND AMENDED Class Action Complaint                                    8:13-CV-01446-AG-AN

# V . CLASS ALLEGATIONS

60.    Plaintiff re-alleges and incorporates by reference every allegation contained in all paragraphs above, as if set forth at this point.

61.    These actions may be properly maintained as a class action pursuant to 15 U.S.C.A. § 1692k(a)(2)(B), *Palmer v. Stassinos*, N.D.Cal.2006, 233 F.R.D. 546, and *McDonald v. Bonded Collectors, LLC.,* 233 F.R.D. 576 (S.D. Cal. 2005).

62.    Plaintiff brings this Complaint on behalf of all persons in California who have (1) received letters from Defendants over the past twelve months that do not inform the recipient of the total debt owed, the right to dispute the debt, or Defendants' obligations in the case of a disputed debt and/or suggest, imply or state that the recipient can avoid criminal prosecution by paying the debt; and/or (2) experienced any conduct from Defendant Monument Security the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt since August 14, 2012 in violation of the RFDCPA. Plaintiff is informed and believes that the class consists of thousands of persons. Specifically excluded from the class are any entities in which any Defendant has a controlling interest; any of Defendants' parent companies, subsidiaries, or affiliates; and any of Defendant's officers and directors, members of their immediate families, their heirs, and their successors and assigns.

63.    The members of the class are so numerous that separate joinder of each member is impractical. Appropriate discovery can determine the exact number of class members. The disposition of class members' claims in a class action format will provide substantial benefits to the parties and the Court.

64.    The claims of the representative Plaintiff raises questions of law and fact that are common to questions of law and fact raised by the claims of each member of the class.

///

///

10

65.     The claims of the representative Plaintiff are typical of the claims of each member of the class. Plaintiff has the same interest in this matter as all other members of the class.

66.     The prosecution of separate claims by each individual member of the class would create a risk of inconsistent or varying adjudications.

67.     The questions of law or fact common to the claims of the representative Plaintiff and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the class. Class representation is superior to other available methods for fair and efficient adjudication of this controversy.

68.     Questions of law and/or fact that are common to the claim include but are not limited to:

(A)     Whether, since August 14, 2012, Defendants (1) sent to any Class Member letters that did not inform the recipient of the total debt owed, the right to dispute the debt, or Defendants' obligations in the case of a disputed debt; (2) suggested, implied or stated that the recipient of said letter(s) could avoid criminal prosecution by paying the debt; (3) and/or have engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any Class Member in connection with the collection of a debt since August 14, 2012.

(B) Whether Plaintiff and the Class members are damaged thereby and the extent of the damages for such violation;

(C) Whether Defendant should be enjoined from engaging such conduct in the future.

69.     As a person who received at least one letter in violation of the RFDCPA, was intimidated, oppressed and abused in violation of the RFDCPA, and suffered emotional distress as a result of the intimidation and shame inflicted by Defendants, Plaintiff is asserting a claim that is typical of the Class. Plaintiff will

11

1  fairly and adequately represent and protect the interests of the Class in that Plaintiff
2  has no interests antagonistic to any member of the Class.

3       70.    Plaintiff and the members of the Class have all suffered irreparable
4  harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class
5  action, the Class will continue to face the potential for irreparable harm. In
6  addition, these violations of law will be allowed to proceed without remedy and
7  Defendants will likely continue such illegal conduct. Because of the size of the
8  individual Class member's claims, few, if any, Class members could afford to seek
9  legal redress for the wrongs complained of herein.

10       71.    A class action is a superior method for the fair and efficient
11  adjudication of this controversy. Class-wide damages are essential to induce
12  Defendants to comply with federal and California law. The interest of Class
13  members in individually controlling the prosecution of separate claims against
14  Defendants is small because the maximum damages in an individual action are
15  minimal. Management of these claims is likely to present significantly fewer
16  difficulties than those presented in many class claims.

17       72.    Defendants have acted on grounds generally applicable to the Class,
18  thereby making appropriate final injunctive relief and corresponding declaratory
19  relief with respect to the Class as a whole.

20

21                        VI. CAUSES OF ACTION

22

23                           FIRST COUNT
24       VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTIONS
25          PRACTICES ACT, CIV. CODE § 1788 ET SEQ.
26                (Against all Defendants)
27       73.    Plaintiff re-alleges and incorporates by reference the above
28  paragraphs as though set forth fully herein.

74.     Defendants' violations of the RFDCPA include, but are not limited to, the following:

    a.  Defendant violated Civil Code § 1788.10(e) by threatening that nonpayment of the consumer debt may result in the arrest of the debtor, unless such action is in fact contemplated by the debt collector;

    b.  Defendant violated Civil Code § 1788.17 by failing to comply with federal debt collection provisions, including (1) failing in the initial communication with Plaintiff to inform her of the amount of the debt, her right to dispute the debt in writing, and Defendants' obligation to verify a disputed debt and (2) engaging in conduct the natural consequence of which is to harass, oppress and abuse the Plaintiff and class members in connection with the collection of a debt.

75.     As a result of Defendant's violations of the RFDCPA, plaintiff and class members are entitled to an award of actual damages, statutory damages, costs, injunctive relief, and attorney's fees.

## SECOND COUNT

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

76.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

77.     Defendants' conduct of intimidating a vulnerable, elderly, disabled Plaintiff with threats that failure to pay a debt would result in criminal prosecution was intentional, malicious, and taken for the purpose of causing plaintiff to suffer severe emotional distress, or with reckless disregard for the likelihood that such distress would result. By the terms of their on contract neither Defendant had any

13

intention of reporting Ms. Black to law enforcement, and merely utilized the false threat to intentional create fear in Plaintiff.

78. For all of the above reasons, Plaintiff is entitled to general, special, and punitive damages against all Defendants.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1. Actual damages according to proof, statutory damages under Civil Code §17788.30(b), and reasonable attorney's fees under Civil Code §17788.30(c).

2. Non-economic damages, including emotional distress, and punitive damages according to proof.

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

4. Any other relief the Court may deem just and proper.

Dated: February 13, 2014                     POTTER HANDY, LLP

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff


DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: February 13, 2014                     POTTER HANDY, LLP

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

**EXHIBIT 1**



Date: 5/6/2013

PO Box 276 • Orem, Ut 84059 • Phone: 877-318-0983 • Web: www.CorrectiveEducation.com

52

DEBRA BLACK
1740 E LA VETA APT 307
ORANGE, CALIFORNIA 92866

Dear Debra:

We are contacting you about a Shoplifting/Petty Theft incident on March 30, 2013 at Goodwill. You freely chose and signed an agreement to participate in Corrective Education Company's intervention program. As shown below, you made arrangements to make a payment of $100 on May 3, 2013. Your payment is now **overdue**. If you have already sent in your payment you may disregard this letter. However, if you have not sent in your payment, you need to log on to the website www. correctiveeducation.com/users/login or call 877-318-0983 for immediate assistance. We accept all forms of payment on the website. If you have to mail in your money order or cashiers check, please send it to the address below.

Corrective Education Company
PO Box 276
Orem, UT 84059

As a reminder your:
Case Number is: GW-01515-130330-OP-2

Login ID is: Debra3714@cec.com
If you have forgotten your password, you can retrieve is online when you go sign in or call 877-318-0983.

Thank you for your cooperation . . . Your Team at Corrective Education Company

Payment Schedule Agreed To

| Scheduled | Amount | Payment Status |
|-----------|--------|----------------|
| 5/3/2013 | $100 | Payment Past Due |
| 5/14/2013 | $100 | Not Paid |
| 6/13/2013 | $100 | Not Paid |
| | | |
| | | |

*Together, we are building a more responsible society . . . One individual at a time.*

CEC 000014

**EXHIBIT 2**



Date: 5/13/2013

PO Box 276 • Orem, Ut 84059 • Phone: 877-318-0983 • Web: www.CorrectiveEducation.com

77

DEBRA BLACK
1740 E LA VETA APT 307
ORANGE, CALIFORNIA 92866

Dear Debra:

This letter is to inform you that you are in default with the CEC program that you agreed to complete to avoid prosecution. This is regarding a Shoplifting/Petty Theft incident on March 30, 2013 at Goodwill. We have made several attempts to contact you by phone and through the mail.  This is your last chance to respond and contact us!

If you fail to contact CEC at www.correctiveeducation.com/user/login or call at 877-318-0983, your case will be reported as FAILED and Goodwill will use all legal means it has available to settle this case.

You have been given an opportunity to avoid criminal charges.  CEC will work with you on your payments; however, if you do not contact us we will report you as failed, and your incident will be referred to local law enforcement for prosecution. This is your last chance to respond and contact us! Our friendly staff is ready to assist you, but you MUST call IMMEDIATELY!

Corrective Education Company would like to help.
As a reminder your:
          Case Number is: GW-01515-130330-OP-2

          Login ID is: Debra3714@cec.com
          If you have forgotten your password, you can retrieve it online when you sign in or call at 877-318-0983.

Thank you for your cooperation . . . Your Team at Corrective Education Company

Payment Schedule Agreed To:

| Scheduled | Amount | Payment Status |
|-----------|--------|----------------|
| 5/3/2013 | $100 | Payment Past Due |
| 5/14/2013 | $100 | Not Paid |
| 6/13/2013 | $100 | Not Paid |
| | | |
| | | |

*Together, we are building a more responsible society . . . One individual at a time.*

CEC 000015

**EXHIBIT 3**



PO Box 276 • Orem, Ut 84059 • Phone: 877-318-0983 • Web: www.CorrectiveEducation.com

193

DEBRA BLACK
1740 E LA VETA APT 307
ORANGE, CALIFORNIA 92866

Dear DEBRA:

This is your final notice; CEC is preparing to forward your case to local law enforcement. Contact us immediately to prevent the filing of a criminal complaint.

Call 877-318-0983.

Thank you for your cooperation.

Sincerely,

Your Team at Corrective Education Company

Incident Number: GW-01515-130330-OP-2
Date:  March 30, 2013
Charge:  Shoplifting/Petty Theft
Establishment:  Goodwill

Payment Schedule Agreed To:

| Due Date | Payment Amount | Status |
|---|---|---|
| Scheduled | Amount | Payment Status |
| 5/3/2013 | $100 | Payment Past Due |
| 5/14/2013 | $100 | Payment Past Due |
| 6/13/2013 | $100 | Not Paid |
|  |  |  |
|  |  |  |

*Together, we are building a more responsible society . . . One individual at a time.*

CEC 000016

**PROOF OF SERVICE**

BLACK V. GOODWILL INDUSTRIES OF ORANGE COUNTY, CALIFORNIA, INC.

Case # 8:13-CV-01446-AG-AN

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 9845 Erma Road, Suite 300, San Diego, California 92131

On February 13, 2014 I served the following document(s):

**SECOND AMENDED COMPLAINT**

Addressed to:

| | |
|---|---|
| Howard B. Golds; Scott W. Ditfurth<br>Trenton C. Packer<br>Best Best & Krieger, LLP<br>3390 University Ave., 5th Floor<br>PO Box 1028<br>Riverside, CA 92502<br>(attorneys for Corrective Education<br>Company) | Ross R. Nott<br>SPINELLI, DONALD & NOTT<br>A Professional Corporation<br>815 S Street, 2nd Floor<br>Sacramento, CA 95811<br>(attorney for Monument Security) |

☑ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐ BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐ BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Diversified Legal Services.

☐ BY ELECTRONIC MAIL TRANSMISSION: via the United States District Court, Central District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on February 13, 2014, from San Diego, California.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Bryce Holewinski

PROOF OF SERVICE