JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1446 AG (ANx) | Date | March 24, 2014 |
|---|---|---|---|
| Title | DEBRA BLACK v. GOODWILL INDUSTRIES OF ORANGE COUNTY, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:**        **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

In this putative class action, Plaintiff Debra Black ("Plaintiff") alleges claims related to a merchandise dispute at a Goodwill store. Defendants are now Corrective Education Company, LLC ("CEC") and Monument Security ("Monument") (together, "Defendants"). Defendants removed the case to federal court because the complaint asserted a federal claim under the Federal Debt Collection Practices Act ("FDCPA").

Last month, this Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). ("Order Dismissing FAC," Dkt. No. 30.) The Court found that Plaintiff failed to state a claim under the FDCPA, the Rosenthal Fair Debt Collection Practices Act, California's Unfair Competition Law, and for intentional infliction of emotional distress. (*Id.*) The Court granted leave to amend. (*Id.* at 6.)

When Plaintiff amended her complaint, she left out the previously asserted federal claim. (*See* Second Amended Complaint, Dkt. No. 32.) Now before the Court is Plaintiff's Motion to Remand this case to state court for lack of jurisdiction. ("Motion," Dkt. No. 33.) The Motion is GRANTED.

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1446 AG (ANx) | Date | March 24, 2014 |
|---|---|---|---|
| Title | DEBRA BLACK v. GOODWILL INDUSTRIES OF ORANGE COUNTY, et al. | | |

## PRELIMINARY MATTERS

CEC timely opposed this motion. ("CEC Opposition," Dkt. No. 34.) Monument filed its opposition ("Monument Opposition," Dkt. No. 37) 4 days late, on the last business day before Plaintiff's reply was due. Because the opposition was untimely, the Court declines to consider it. *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."). But even if the Court did consider it, the Court would not be persuaded to change the result here because, as stated in the Monument Opposition, "Monument's argument mirrors that of CEC and repeated her [sic] for completeness." (Monument Opposition at i fn. 1.)

## MOTION TO REMAND

Usually when a case involving federal and state law claims is properly removed, and the federal claims are dismissed before trial, the balance of factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988). But district courts have discretion to retain supplemental jurisdiction over the state law claims if that result would best accommodate the values of economy, convenience, fairness, and comity. *See, e.g.,* *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 *supplemented,* 121 F.3d 714 (9th Cir. 1997); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 *opinion amended on other grounds*, 350 F.3d 916 (9th Cir. 2003).

There is no dispute that this Court had jurisdiction when the case was removed, and that no federal question now remains. Thus the Court must decide whether to use its discretion to exercise supplemental jurisdiction. The Court considers factors of judicial economy, convenience, fairness, and comity and finds that remand is appropriate.

First, judicial economy. Under this factor, the Court considers whether its previous

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1446 AG (ANx) | Date | March 24, 2014 |
|---|---|---|---|
| Title | DEBRA BLACK v. GOODWILL INDUSTRIES OF ORANGE COUNTY, et al. | | |

"investment of judicial energy justifies retention of jurisdiction." *Schneider v. TRW, Inc.*, 938 F.2d 986, 995 (9th Cir. 1991). Here, the Court has held a scheduling conference (Dkt. No. 22) and ruled on a motion to dismiss (Order Dismissing FAC). This limited investment does not seem to the Court enough to justify retaining jurisdiction over solely state law claims. *See Rash v. Vons Companies Inc.*, 87 F.3d 1321 (9th Cir. 1996); *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002).

Onto fairness. The Court looks to see whether there are strong indications that Plaintiff is playing games to get out of federal court after the only court rulings so far have been against her. *See Albingia*, 344 F.3d at 936 (finding that the district court did not abuse its discretion in exercising jurisdiction where the plaintiff "waited until the dealer turned up his hole card, in the court's summary judgment decision," before challenging jurisdiction); *see generally* CEC Opposition. But aside from possibly suspicious timing, the Court has no indication of forum shopping or foul play here. Plaintiff explains that she got information in discovery that showed the FDCPA did not apply. (Reply at 3:27-4:7.) The Court has no reason to discredit this explanation. And a tactical decision to abandon federal claims early in a case is not improper. *See Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 490-91 (9th Cir. 1995).

As to inconvenience, since both the federal forum and state forum in this case are located in the city of Santa Ana, it would not be inconvenient to require Defendants to continue defending this lawsuit in state court. *See Millar v. Bay Area Rapid Transit,* 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002).

Finally, comity. Primary responsibility for developing and applying state law rests with the state courts. *See Barnes v. County of Placer,* 654 F.Supp.2d 1066, 1073 (E.D. Cal. 2009). As the Court noted at the hearing on the FAC Motion to Dismiss, there are interesting and potentially complex questions as to whether debt collection laws apply to this situation. Now that the only debt collection laws that apply are California's laws, state courts are best suited to decide those questions. This is true not only at the trial level,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1446 AG (ANx) | Date | March 24, 2014 |
|----------|------------------------|------|----------------|
| Title | DEBRA BLACK v. GOODWILL INDUSTRIES OF ORANGE COUNTY, et al. | | |

but also at the appellate level, where interpretation and application of California law is better left within confines of California courts, including California appellate courts, than to the vast reaches of the Ninth Circuit.

In short, this is a "usual case" where remand is appropriate after all federal claims have been dismissed. *Carnegie-Mellon,* 484 U.S. at 350 n.7. The Motion to Remand is GRANTED.

:     0

Initials of
Preparer          lmb